IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANENE FAST,**

    **Plaintiff,**

vs.

    Civil Action 2:06-CV-417
    Judge Holschuh
    Magistrate Judge King

**OHIO DEPARTMENT OF EDUCATION,**
*et al.*,
    **Defendants.**

## OPINION AND ORDER

This is a civil rights action, presenting federal and state law claims, in which plaintiff alleges that she was subjected to sexual harassment by defendant Belcher and that the remaining defendants failed to take appropriate action after plaintiff complained of the harassment. Plaintiff asserts claims under Title IX of the Education Amendments of 1972, Title VII, 42 U.S.C. §2000e, 42 U.S.C. §1983, O.R.C. §4112.02 and common law claims of infliction of emotional distress and defamation.

This matter is before the Court on plaintiff's *Motion for Leave to Amend Complaint*, Doc. No. 18, and the *Motion of Defendants Ohio Dep't of Education, Ohio State Board of Education, Ohio State School for the Blind, Mazzoli, Marcom, Green and Rudolf to Attach Condition to Leave to Amend Complaint, & Memorandum Contra Plaintiff's Motion for Leave to Amend Complaint* ("*Defendants' Motion to Attach Condition*"), Doc. No. 22. In the *Motion for Leave to Amend*, plaintiff moves to dismiss all claims against defendants Dr. Louis Mazzoli, Gerard Marcom, Gretchen Green and Charles Rudolph. In *Defendants' Motion to Attach Condition*, defendants ask that the requested dismissal be with prejudice. For the reasons set forth below,

the *Motion for Leave to Amend Complaint* is **GRANTED** and *Defendants' Motion to Attach Condition* is **DENIED**.

Plaintiff's motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See Management Investors v. United Mine Workers of Am.*, 610 F. 2d 384, 394 n.22 (6th Cir. 1979) (authorization for a voluntary dismissal of fewer than all the parties involved is properly sought under Rule 15(a) in a motion to amend the complaint); *C. Van Der Lely N.V. v. F.lli Maschio S.n.c.*, 561 F. Supp. 16, 19 (S.D. Ohio 1982) (J. Holschuh) (same). Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff argues that the dismissal of all claims against four individual defendants will streamline the action, narrow the issues, "avoid peripheral procedural debates and immediately begin addressing the substantive issues of this case." *Motion to Amend Complaint* at 1, n.1. Defendants argue that, in reality, plaintiff finds the qualified immunity defenses available to individual defendants "to be inconvenient." *Defendants' Motion to Attach Condition* at 2. Defendants complain that the "manipulation of the pleadings to deprive an adverse party of a defense or an 'existing advantage' is prejudicial." *Id.* at 4 (citing *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (loss of defense to suit if dismissal allowed is

prejudicial) and *Kennedy v. State Farm Mut. Auto. Ins. Co.*, 46 F.R.D. 12, 14-15 (D. Ark. 1969) (request to dismiss denied when plaintiff intended to refile in state court under more favorable legal standard)). Thus, defendants contend that they would be prejudiced by the loss of the qualified immunity defense available to the individual defendants unless plaintiff's motion is granted on the condition that the claims and defendants be dismissed with prejudice. *Id.* This Court disagrees.

As plaintiff correctly points out, defendants' claim that a defense will be lost is factually inaccurate. *Plaintiff's Reply to Defendants' Memorandum Contra Plaintiff's Motion for Leave to Amend Complaint and Motion to Attach Condition to Leave to Amend Complaint* at 6. None of the defenses available to the remaining defendants will be eliminated by the grant of plaintiff's motion and, should the dismissed claims ever be resurrected against the four dismissed defendants, those individual defendants could raise any defense presently available to them in this action.

Moreover, plaintiff moved for leave to amend a mere two months after this litigation began.  Thus, there was no apparent undue delay, bad faith or dilatory motive on the part of plaintiff.  Therefore, justice requires the grant of the amendment requested by plaintiff.

**WHEREUPON**, plaintiff's *Motion for Leave to Amend Complaint*, Doc. No. 18, is **GRANTED** and *Defendants' Motion to Attach Condition*, Doc. No. 22, is **DENIED**. The Clerk is **DIRECTED** to file the *Second Amended Complaint* attached as *Exhibit B* to plaintiff's *Motion for Leave to Amend*, Doc. No. 18.

January 19, 2007                             *s/Norah McCann King*
Date                                          Norah McCann King
                                              United States Magistrate Judge